Jennifer A. Kuenster, State Bar No. 104607
jkuenster@nixonpeabody.com
Scott S. Shepardson, State Bar No. 197446
sshepardson@nixonpeabody.com
Sharon Stewart, State Bar No. 235706
sstewart@nixonpeabody.com
**NIXON PEABODY LLP**
One Embarcadero Center, 18th Floor
San Francisco, CA  94111-3600
Telephone: (415) 984-8268
Fax: (866) 904-6525

Marcy P. Howard (State Bar No. 132122)
mhoward@nixonpeabody.com
**NIXON PEABODY LLP**
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071
Telephone: (213) 629-6000
Fax: (213) 629-6001

Attorneys for Defendant
FCA US LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY G. SELF,<br><br>         Plaintiff,<br><br>     vs.<br><br>FCA US LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF SANDY G. SELF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant FCA US LLC ("FCA US") files this Notice of Removal.  This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1446(a),

4816-5279-1373.2

FCA US asserts the following grounds in support of its Notice of Removal:

1. On July 13, 2017, Plaintiff Sandy G. Self (hereafter "Plaintiff") commenced an action against Defendant FCA US, and DOES 1-10, by filing a Complaint for Damages in the Superior Court of the State of California, County of Fresno, Case No. 17CECG02355 (the "State Court Action"). Plaintiff alleges three causes of action, all based on her purchase of a new 2011 Jeep Liberty, VIN: 1J4PN5GK8BW535012, manufactured by FCA US. (Complaint, ¶¶ 8, 139, 154, and 165.) The first and second causes of action are for violations of the Song-Beverly Consumer Warranty Act, California Civil Code sections 1790, *et seq.* The third cause of action is for fraudulent concealment.

2. True and correct copies of Plaintiff's Summons and Complaint along with the papers which accompanied the Complaint, are attached as <u>Exhibit A</u> hereto.

3. FCA US was served with the Summons and the Complaint on July 17, 2017. A true and correct copy of the Service of Process Transmittal is attached at <u>Exhibit B</u> hereto.

4. FCA US filed an Answer to Plaintiff's Complaint in the State Court Action on August 15, 2017. A true and correct copy of FCA US's Answer is attached as <u>Exhibit C</u> hereto.

5. By filing this Notice of Removal, FCA US does not waive any defenses that may be available to it.

6. Plaintiff is, and was at the time the State Court Action was commenced, a citizen and resident of the State of California. (Complaint, ¶ 2.)

7. FCA US is, and was at the time the State Court Action was commenced, a limited liability corporation organized under the laws of the State of Delaware. (Declaration of Kris Krueger In Support of Removal ("Krueger Decl.") ¶ 2.) The sole member of the LLC is FCA North America Holding LLC, a limited liability company organized under the laws of the State of Delaware. (Krueger

4816-5279-1373.2

Decl. ¶ 3.)  The sole member of FCA North America Holding LLC is Fiat Chrysler Automobiles, N.V., a publically traded company incorporated under the laws of the Netherlands, with its principal place of business in London, England. (Krueger Decl. ¶ 4.)

8. Since before this lawsuit was filed, FCA US's headquarters and principal place of business have been located at 1000 Chrysler Drive, Auburn Hills, Michigan. (Krueger Decl. ¶ 5.)

9. From its Auburn Hills, Michigan headquarters, FCA US LLC, directs, controls, and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of FCA US LLC's operations; (2) matters relating to Human Resources of FCA US LLC; (3) matters relating to legal, regulatory, and trade compliance of FCA US LLC; (4) matters relating to the information technology of FCA US LLC; and (5) matters relating to the tax obligations of FCA US LLC. (Krueger Decl. ¶ 6.)

10. Fiat Chrysler Automobiles N.V. was incorporated as a public limited liability company (naamloze vennootschap) pursuant to the laws of the Netherlands on April 1, 2014, and has its principal executive office and headquarters at 25 St. James's Street, London, SW1 A 1HA (United Kingdom). (Krueger Decl. ¶ 7.)

11. Fiat Chrysler Automobiles N.V. is an independent legal entity, having separate patrimony and legal standing from any of its investors or legal representatives under the laws of the Netherlands. (Krueger Decl. ¶ 8.)

12. Fiat Chrysler Automobiles N.V. may sue in its own name in the courts of the Netherlands. (Krueger Decl. ¶ 9.)

13. Any recovery obtained in a lawsuit brought by a Fiat Chrysler Automobiles N.V. belongs to the business entity, not its investors, under the laws of the Netherlands. (Krueger Decl. ¶ 10.)

14. FCA US is not, and was not at the time the State Court Action was commenced, a citizen of the State of California. (Krueger Decl. ¶¶ 2-10.)

15. The First Cause of Action in Plaintiff's State Court Complaint alleges that FCA US willfully violated the Song-Beverly Act by failing to conform the vehicle to express warranties and subsequently failing to replace the vehicle or make restitution. (Complaint, ¶¶ 146-148.)  Plaintiff seeks "reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff," incidental, consequential and general damages, and a civil penalty "up to two times the amount of actual damages."  (Complaint, ¶¶ 149-152.) The purchase price of the vehicle, not including finance charges, was over $35,545.00, based on the barely legible sales contract attached to the Complaint.[1] (Complaint, ¶ 8, Exh. 1 to Complaint.)  This amount may be reduced by a mileage offset in the approximate amount of $256.52, lowering Plaintiff's "actual damages" to $35,288.48.[2]  By virtue of the civil penalty that Plaintiff also seeks (two times the "actual damages"), the total amount of Song-Beverly damages sought by Plaintiff is approximately $105,865.44, plus attorneys' fees.  Therefore, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as required for removal. 28 U.S.C. §§ 1332(a), 1446(c)(2).

---

[1] This estimate is most likely lower than the actual amount.  Plaintiff's Complaint does not allege the amount of recoverable "incidental" or "consequential" damages that will increase the amount of damages. *See* Complaint, ¶ 150; and Cal. Civil Code § 1793.2(d)(2)(B).  This estimate also does not include finance charges that have been paid by Plaintiff and which are recoverable. *Mitchell v. Blue Bird Body Co.*, 80 Cal.App.4th 32, 37 (2000).

[2] Cal. Civil Code § 1793.2(d)(2)(C) provides a formula for calculating the mileage offset:  N/120,000 x price paid and payable.  N = number of miles driven before first repair related to the alleged nonconformity.  The first alleged repair in the Complaint took place in January 2011 (Complaint, ¶ 95), at which time the vehicle had 875 miles on the odometer.  The odometer had 9 miles at the time of purchase, meaning that Plaintiff drove the vehicle for 866 miles before the first alleged repair.  Thus: 866/120,000 x $35,545.00 = $256.52.

4816-5279-1373.2

16. The Third Cause of Action in Plaintiff's State Court Complaint alleges that FCA US fraudulently concealed and failed to disclose a defect in Plaintiff's vehicle to induce Plaintiff to purchase the vehicle. (Complaint, ¶¶ 165-184.) Plaintiff seeks similar damages for this cause of action to those alleged under the first two causes of action, and also seeks "punitive damages" of an unstated amount. (Complaint, Prayer, ¶ g.) These punitive damages therefore increase the amount in controversy by an unknown amount.

17. The State Court Action is filed in the Superior Court of the State of California, County of Fresno.  One or more wrongful acts alleged by Plaintiff is alleged to have occurred in Fresno, California.  (Complaint, ¶ 8, Exh. 1 to Complaint.)  Plaintiff currently resides in the City of Fresno, County of Fresno and State of California.  (Complaint, ¶ 2.)  Accordingly, removal of the State Court Action to the Eastern District of California is proper. *See* 28 U.S.C. §1441(a); 28 U.S.C. §§ 1391(a)(1), (b)(2).

Dated:  August 16, 2017                          NIXON PEABODY LLP


By: /s/ Scott S. Shepardson
  Scott S. Shepardson
  Marcy P. Howard
  Sharon Stewart
  Attorneys for Defendant
  FCA US LLC

4816-5279-1373.2

-5-
NOTICE OF REMOVAL