# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SANDY G. SELF,

        Plaintiff,

v.

FCA US LLC,

        Defendant.
_____/

Case No. 1:17-cv-01107-SKO

ORDER RE: JOINT PRETRIAL CONFERENCE STATEMENT

(Doc. 59)

This action is set for trial before the undersigned on February 11, 2019, at 8:30 a.m. On January 2, 2019, the parties filed their Joint Pretrial Conference Statement ("PTC Statement") (Doc. 59), which reveals that the parties have failed to meet and confer in a meaningful and genuine manner. **The parties are therefore ORDERED to MEET AND CONFER and FILE an Amended PTC Statement by no later than 12:00 PM on January 8, 2019, that addresses the deficiencies specified below:**

<u>JOINT EXHIBIT LIST</u>

The parties' Joint Exhibit List (Doc. 59-1) is rejected for failure to comply with Federal Rule of Civil Procedure 26(a)(3), Rules 281 and 282 of the Local Rules for the United States District Court, Eastern District of California, and the Court's December 8, 2017, Scheduling Order (Doc. 12).

As an initial matter, the 34-page Joint Exhibit List containing over 300 proposed exhibits is a far cry from a "Joint" exhibit list. It improperly contains a column titled "Grounds for

Objection," in which the parties assert a series of evidentiary objections that not only fail to comply with Local Rule 281(b), but also render the exhibit list a disputed—not a "Joint"—exhibit list.

In reviewing the Joint Exhibit List, the Court notes that the parties used the same format and included more than 100 exhibits that were also included as a Joint Exhibit List in *Lawrence v. FCA US LLC*, Case No. 2:16-cv-05452-BRO-GJSx (C.D. Cal. June 19, 2017) (the "CDCA Action"). In that case, in an order dated July 5, 2018, presiding Magistrate Judge Michael R. Wilner clearly admonished the parties that their exhibit lists "inappropriately contains a column in which the parties assert a series of evidentiary objections." *See* CDCA Action, Doc. 127. Magistrate Judge Wilner questioned whether "Plaintiffs really expect to argue and admit 240 pieces of paper . . . and reasonably expect to take up hundreds of admissibility issues at the pretrial conference?" *See id*. In accordance with Magistrate Judge Wilner's order, the parties filed a "Second Amended Joint Trial Exhibit List" which contained 5 pages of joint exhibits. See CDCA Action, Doc. 141.

Given Magistrate Judge Wilner's admonishments, it defies credulity that the parties would think that filing a virtually identical lengthy joint exhibit list containing a series of evidentiary would be permissible in this case. It is clear that the parties have made no effort whatsoever to sort through their anticipated trial presentation in a remotely acceptable manner. This Court will not take up the jury's valuable time while the parties cull through their anticipated trial evidence during the trial.

**The parties are ORDERED to MEET AND CONFER and FILE an Amended Exhibit List which clearly identifies: (1) each parties' separate exhibit, and (2) the parties' joint exhibits by no later than 12:00 PM on January 8, 2019.** If the Court determines that the parties have again filed their amended exhibit list without a meaningful, genuine meet and confer, the Court will sanction the parties for failing to do so. Judges in the Eastern District of California carry the heaviest caseloads in the nation (currently 5th highest in filings and 3rd highest in terminations per judgeship), and this Court is unable to devote inordinate time and resources supervising the parties to ensure they are complying with the Local Rules and this Court's orders.

MOTIONS IN LIMINE

The parties' PTC Statement indicates that they anticipate filing numerous motions in limine before trial. (*See* Doc. 59 at pp. 7–13.) The Court notes that then-presiding Chief District Judge Lawrence J. O'Neill previously ruled on the parties' motions in limine after ordering the parties "to meet and confer on motions in limine and distill evidentiary issues." (Doc. 35.) Chief Judge O'Neill further admonished the parties that if "this Court surmises that the parties have filed motions in limine without meaningful, genuine meeting and conferring, this Court will strike the motions in limine and not hear them." (*Id.*)

In a subsequent minute order entered October 10, 2018, Chief Judge O'Neill noted that "[a]s litigants do not normally file motions in limine *ad seriatim*, the Court does not anticipate receipt of any additional motions in limine." (Doc. 41.)

Although this Court generally allows approximately eight weeks between the pretrial conference date and the trial date to allow for motions in limine to be heard, given that Chief Judge O'Neill previously ruled on the parties' motions in limine and anticipating no further motions, this Court condensed this time frame to four weeks.

**In light of Chief Judge O'Neill's orders, the parties SHALL be prepared at the January 9, 2019, Pretrial Conference to explain why they should be permitted to file any additional motions in limine, given their previous filings and the upcoming February 11, 2019 trial date**.

IT IS SO ORDERED.

Dated: **January 4, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE