# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY G. SELF,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FCA US LLC,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:17-cv-01107-SKO<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO OBEY A COURT ORDER |

On January 9, 2019, the Court conducted a pretrial conference in this case. (Doc. 67.) On January 10, 2019, the Court issued its Pretrial Order. (Doc. 68.) In that Order, the parties were required to submit to the Clerk's office <u>four</u> copies of pre-marked documentary trial exhibits by February 4, 2019. (*See id*. at 14.) The Order further instructed that "[j]oint exhibits should be marked starting with 'J-1,' continuing with 'J-2," 'J-3,' 'J-4,' etc.; Plaintiff's exhibits should be marked starting with 'P-201,' continuing with 'P-202,' 'P-203,' 'P-204,' etc.; and Defendant's exhibits should be marked starting with 'D-501,' continuing with 'D-502,' 'D-503,' 'D-504,' etc." (*See id*. at 14 n.2.)

**The parties have unquestionably failed to comply with these directives**. Defendant has submitted *no* exhibits. The parties' joint exhibits, of which only *one copy* was received, are not marked according to the scheme set forth in the Order and are instead improperly commingled with Plaintiff's exhibits. The *sole copy* of Plaintiff's exhibits received by the Court demonstrates that they are similarly not marked as ordered and *include numerous documents not included on the*

1 | *Final Exhibit List filed January 30, 2019*.  (*See* Doc. 76.)

As the Pretrial Order makes clear, no exhibit other than those listed in the final exhibit list may be admitted at trial unless they satisfy the stringent conditions set forth therein.  (Doc. 68 at 14.)  Instead of providing copies of the documents listed in Plaintiff's Final Exhibit List as ordered, it appears that Plaintiff has proffered to the Court copies of exhibits that were identified in a prior exhibit list.  (*See* Doc. 59.)  This prior exhibit list, identifying over 300 exhibits, was expressly rejected by the Court, thereby demonstrating a lack of trial preparation *and* an unwillingness to abide by Court orders.  (*See* Doc. 60.)

This action is set for trial on February 11, 2019, at 8:30 a.m.  The Court has previously advised that, given its heavy caseload, it is "unable to devote inordinate time and resources supervising the parties to ensure they are complying with the Local Rules and this Court's orders."  (*See id*.)  The parties have seemingly learned nothing from this admonition.

Accordingly, the parties are **hereby ORDERED to show cause in writing by 12:00 p.m. tomorrow, February 6, 2019, why sanctions should not be imposed, including but not limited to the exclusion of exhibits, due to their failure to follow the Court's Pretrial Order issued on January 10, 2019.**  The parties may discharge this Order to Show Cause by complying with the directives set forth in the Pretrial Order, as specified above, by no later than **12:00 p.m. February 6, 2019**.

IT IS SO ORDERED.

Dated:  **February 5, 2019**                          /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE